United States District Court
Southern District of Texas

**ENTERED**

October 27, 2022

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 7:22-mj-01974-1 |
| | § | |
| ENRIQUE RAZO, SR. | § | |

## ORDER OF TEMPORARY DETENTION

On October 14, 2022, the Court held identity and detention hearings in regard to arrest of

Enrique Razo, Sr. on a warrant issued in Case No. SA:22-cr-00531-XR, out of Western District of

Texas – San Antonio Division. *See* Dkt. No. 1.

### I.

### Court Proceedings

Razo, Sr., in open court and under oath, and after consultation with Counsel, announced

that he wished to waive the identity hearing. After finding that Razo, Sr. is the same individual as

charged in the indictment out of Western District of Texas – San Antonio Division, the undersigned

held a detention hearing. After hearing arguments from U.S. Attorney's Office and Counsel for

Razo, Sr., the undersigned made a finding pursuant to 18 U.S.C. § 3142(c) that a condition or

combination of conditions could be set to assure safety of the community and Razo, Sr.'s

appearance for all future court proceedings. Bond was set at $50,000, with requirement of $5,000

deposit and a co-surety, along with standard conditions of release including requirement of curfew

and electronic GPS monitoring. *See* Dkt. Entry dated Oct. 14, 2022 (setting out conditions of

release). Razo, Sr. was provided two weeks to meet the conditions of bond.

As of the date of this Order, those conditions have not been met.  The U.S. Probation Department has advised the Clerk of the Court that no one has come forward with an application for co-surety.

## II.

### Order of Temporary Detention Pending Transport

With the conditions of bond not being met to date[1], it is hereby **ORDERED** that Razo, Sr. is to be temporarily detained and transported to the prosecuting district pursuant to Commitment to Another District issued in this matter for all further proceedings.  *See* Fed. R. Crim. P. 5(c)(3)(D).

## III.

### Directions Regarding Detention

Directions Regarding Detention:  Razo, Sr. is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Razo, Sr. shall be afforded a reasonable opportunity for a private consultation with defense counsel. On order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Razo, Sr. to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORERERED** on the 27th day of October, 2022 at McAllen, Texas.

_____

Juan F. Alanis
United States Magistrate Judge

---

[1] *Cf. United States v. McConnell*, 842 F.2d 105, 107 (5th Cir. 1988) (noting that a "bail setting is not constitutionally excessive merely because a defendant is financially unable to satisfy the requirement.").